# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: December 28, 2016

* * * * * * * * * * * * * * *
PAULA HUSOVSKY, Natural Mother And Guardian for J.H., a minor,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * * * *

No. 15-644V

Special Master Hamilton-Fieldman

Attorneys' Fees and Costs; Reasonable Amount Requested.

Carol L.Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioner.
Sarah C. Duncan, United States Department of Justice, Washington, DC, for Respondent.

**DECISION**[1]

On June 22, 2015, Paula Husovsky ("Petitioner") filed a petition for compensation on behalf of her minor child, J.H., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that the administration of a varicella vaccine on July 13, 2012 caused J.H. to develop a persistent rash, gastrointestinal problems, fibromyalgia, and aggravation of pre-existing lymphadenitis. Pet., ECF No. 1. On April 18, 2016, the undersigned issued a decision dismissing the case for insufficient proof.

On June 23, 2016, Petitioner filed an application for attorneys' fees and costs. Petitioner requested compensation in the amount of $56,612.50 for the fees of Carol L. Gallagher and $14,820.00 for the fees of Thomas P. Gallagher. Pet'r's Appl., ECF No. 55. Petitioner's costs included $377.24 paid by Carol L. Gallagher, $40.00 paid by Thomas P. Gallagher, $400.00 paid

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. See 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

by the Petitioner, and $565.73 unpaid costs, consisting of applications for medical records and a subpoena. The total reimbursable amount came to $72,815.47.

Respondent filed a response to Petitioner's request on July 11, 2016, arguing that the case lacks a reasonable basis for filing. Resp't Resp., ECF No. 56. Respondent argued that Petitioner's claim lacks a reasonable basis because of J.H.'s "ambiguous" injury and Petitioner's reliance on statements made by J.H.'s treating physicians. *Id.* at 19-20. Petitioner filed a reply on July 21, 2016, arguing that the case was brought in good faith and with a reasonable basis, as evidenced by Respondent's failure to raise her objection before her response to the application for attorneys' fees and costs. Pet'r's Reply, ECF No. 57. Petitioner reiterated her argument for the reasonableness of her fees and filed an Amended Motion for Fees and Costs. ECF No. 58. This Amended Motion included an increase in attorneys' fees for Carol L. Gallagher to $61,092.50, bringing the total amount reimbursable to $77,295.47.

Based on the arguments and information presented in Petitioner's Reply to the Response to her original Motion for Attorneys' Fees and Costs, the undersigned concludes that Petitioner had a reasonable basis for the filing of her petition. Specifically, the undersigned notes that there were thousands of pages of medical records to review, that those medical records on their face supported Petitioner's claims, including one treating physician's note of "possible reaction to varicella vaccine," Ex. 3 at 254-260, In addition, previous counsel had professional difficulties that required him to withdraw from his representation of Petitioner after almost three years without having filed the petition, only three months before the statute of limitations was due to expire. Finally, the fact that Petitioner moved to dismiss her claim once it became evident that there were insurmountable problems with pursuing it supports compensating her counsel for their efforts in sorting out a relatively complex set of medical facts.

Respondent's Response to the original Motion disputed only the reasonable basis for the filing; there was no issue raised concerning counsel's hourly rates or with the hours expended. Respondent did not respond to the Amended Motion. The undersigned has reviewed the Amended Motion and its supporting documentation and finds based on her experience in practice and in the Program that the hourly rates, the number of hours, and the total costs claimed are reasonable.

Therefore, in accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and expert costs in this case and finds that Petitioner's request for fees and costs is reasonable. **Accordingly, the undersigned hereby awards the amount of $76,895.47, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Carol L. Gallagher, of Carol L. Gallagher, Esquire, LLC for attorneys' fees and costs; and awards the amount of $400.00, in the form of a check payable to Petitioner**

**only.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).